**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Charles Chonde,

Petitioner,

vs.

Warden, Minnesota Correctional Facility at Moose Lake,

Respondent.

Civil No. 00-44 (MJD/AJB)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on Petitioner's pro se petition for habeas corpus relief under 28 U.S.C. § 2254. Respondent has filed an answer. These proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition for writ of habeas corpus be dismissed without prejudice.

**Background**

On January 2, 1998, petitioner was charged by Complaint with attempted criminal sexual conduct in the first degree in violation of Minn. Stat. 609.342 subds. 1(a) and 2 and criminal sexual conduct in the second degree in violation of Minn. Stat. 609.343 subds. 1(a) and 2. On April 15, 1998, petitioner pled guilty to criminal sexual conduct in the second degree with the understanding that he would receive the mandatory minimum sentence of 36 months. (Tr. 3-4).

In connection with the plea agreement, petitioner signed a "Petition to Enter a Plea of Guilty." (Tr. 4-5). He testified that he read, understood, and had the opportunity to ask



FILED FEB 29 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

questions about the agreement before he signed. (Tr. 5). Petitioner then answered questions about the incident for which he was charged. (Tr. 6-9). Petitioner testified that he had been on probation for a conviction in the state of Michigan and was supposed to return to his country as a term of his probation. (Tr. 10-11). It was explained to him that the Minnesota courts could not control any action taken by the Michigan courts with respect to any Michigan probation violation. (Tr. 11).

At sentencing on May 7, 1998, petitioner sought to withdraw his guilty plea, alleging he did not have sufficient time to think it over and he did not understand it. (Tr. 4-10). The court denied the request to withdraw the plea and sentenced petitioner to 36 months. (Tr. 10-11).

In October 1998, petitioner filed a petition for habeas relief but the petition was dismissed without prejudice for failure to exhaust his state claims. In November 1998, he filed for post conviction relief in state court. In February 1999, the state trial court denied his petition. (Docket No. 7). In September 1999, the Minnesota Court of Appeals affirmed the district court's order denying post conviction relief. In November 1999, the Minnesota Supreme Court denied review. On December 24, 1999, petitioner filed the present habeas petition. On January 11, 2000, petitioner notified the Court that he had been transferred to Sherburne County Jail for "Immigration purposes."[1] (Docket No. 3).

**DISCUSSION**

**Exhaustion of Claims and Procedural Default**

Habeas review is limited to determining whether there has been a violation of the

---

[1] Upon consultation with Respondent for the purpose of obtaining petitioner's current address, the Court has been advised that petitioner was deported on January 26, 2000.

Constitution or laws of the United States. 28 U.S.C. §2254(a). The petitioner must first present both the legal and factual premises of his federal constitutional claims to the state courts. Smittie v. Lockhart, 843 F.2d 295, 296-97 (8th Cir. 1988). "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State...". 28 U.S.C. § 2254(b)(1)(A). Exceptions exist when there is an absence of State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I) and (b)(1)(b)(ii). Petitioner has not set forth any claim that there is an "absence of State corrective process" or any circumstances that render state process ineffective to protect his rights.

Petitioner has raised claims arising under the federal Constitution that were decided against him in his state court appeal[2] and also has raised a claim that he failed to raise in his state court appeal. Thus, he has presented a "mixed petition" of exhausted and unexhausted claims, which this court may dismiss in deference to the state court. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

Petitioner's unexhausted claim alleges the government failed to disclose favorable evidence in the form of two witnesses. It is unclear from the petition how or when petitioner discovered that there may have been exculpatory evidence. It is unclear what the witnesses would have testified and how it would have been favorable to petitioner. Under the

[2] Petitioner's exhausted his claims that the factual basis for his plea agreement was not accurate, that his plea was not voluntary or intelligent, and that he received inadequate assistance of counsel. Chonde v. State of Minnesota, C9-99-575 (Minn. Ct. App. Sept. 14, 1999).

circumstances, the unexhausted claim should be raised in the first instance in state court. The petition containing exhausted and unexhausted state claims should be dismissed without prejudice.

## RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Petition for writ of habeas corpus be denied. (Docket No. 1).
2. This action be dismissed without prejudice.

Dated 2/28/00

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before March 13, 2000.